[Cite as *State v. Pullens*, 2016-Ohio-260.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2015-03-024 |
| | : | O P I N I O N |
| - vs - | | 1/25/2016 |
| | : | |
| DAMON E. PULLENS, JR., | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2014CR0389

D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

W. Stephen Haynes, Clermont County Public Defender, Robert F. Benintendi, 302 East Main Street, Batavia, Ohio 45103, for defendant-appellant

**HENDRICKSON, J.**

{¶ 1} Defendant-appellant, Damon E. Pullens, Jr., appeals from his conviction in the Clermont County Court of Common Pleas after he pled guilty to one count of aggravated burglary, one count of felonious assault, and two firearm specifications. For the reasons set forth below, we affirm.

{¶ 2} On July 15, 2014, after being bound over from juvenile court, appellant was

indicted on one count of aggravated burglary in violation of R.C. 2911.11(A)(2), a felony of the first degree (count one), one count of aggravated robbery in violation of R.C. 2911.01(A)(1), a felony of the first degree (count two), and one count of felonious assault in violation of R.C. 2903.11(A)(2), a felony of the second degree (count three). All three counts were accompanied by a firearm specification, as set forth in R.C. 2941.145. The charges arose out of an incident that occurred on June 11, 2014, when appellant and a codefendant, Demetrius Robinson, trespassed into a home on Grandview Avenue in Cincinnati, Clermont County, Ohio in order to steal money and other personal effects from the victim, Kyle Mitchell. Appellant had a firearm in his possession when entering the home, which appellant used to strike Mitchell in the head, thereby harming Mitchell.

{¶ 3} On December 23, 2014, following plea negotiations, appellant pled guilty to counts one and three, as well as the counts' accompanying firearm specifications, in exchange for count two and its accompanying firearm specification being dismissed. The trial court accepted appellant's guilty plea after engaging in a Crim.R. 11(C) plea colloquy and hearing the following recitation of facts:

> [STATE]: Judge, as to Count 1, in addition to the facts alleged in the indictment, on the 11th day of June 2014, and in Clermont County, Ohio, this Defendant, by force, stealth, or deception, did trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure when another person other than the accomplice of the Defendant is present with the person to commit in this structure, or in the separately secured or separately occupied portion of the occupied structure, any criminal offense, and the Defendant had a deadly weapon or dangerous ordinance on or about his person or under his control.
>
> It is further specified that the Defendant had a firearm on his person or under his control and displayed, brandished, indicated possession or used the firearm to facilitate the offense. Specifically, this Defendant by stealth gained entry into the residence belonging to Charles Charles, which is located * * * [on] Grandview Avenue, Cincinnati, Clermont County, Ohio, along with his codefendant Demetrius Robinson.

The Defendant and Robinson entered unlawfully with the intent to take money, property from the individuals inside the home. The two codefendants were working with a third codefendant, KM, who had entered the home under false pretenses and was relaying information to Damon Pullens. Once Pullens and Robinson entered the home, Pullens struck the victim, Kyle Mitchell, in the head with the handgun causing the gash on Mr. Mitchell's head. While and after striking Mr. Mitchell, Pullens and Robinson demanded money from Mitchell. The Defendant was in possession of a 9mm automatic firearm, which he brandished and used to facilitate the offense.

While the Defendant held Mitchell at gunpoint, his codefendant went to look for additional property in the home. While walking toward another room in the home, the codefendant Robinson was shot by one of the homeowners. After the [co]defendant was shot, both codefendants fled. Mr. Pullens was apprehended near the scene. Judge, as to Count 3, in addition to the facts alleged in the indictment, this Defendant on or about the 11th day of June 2014, in Clermont County, Ohio, this Defendant knowingly caused or attempted to cause physical harm to another by means of a deadly weapon.

It is further specified that the Defendant had a firearm on or about his person or under his control and displayed, brandished, indicated possession or used the firearm to facilitate the offense. After unlawfully entering the home located * * * [on] Grandview Avenue, Cincinnati, Clermont County, Ohio, this Defendant struck the victim, Kyle Mitchell, on the head with the firearm causing a large laceration.

{¶ 4} Appellant was sentenced on February 13, 2015, to three-year mandatory prison sentences on each of the firearm specifications, which were ordered to be served consecutively to one another. The trial court also imposed a nine-year prison sentence on count one, which was ordered to be served concurrently with an eight-year prison sentence on count three but consecutively to the mandatory sentences on the firearm specifications, for an aggregate prison term of 15 years.

{¶ 5} Appellant timely appealed from his conviction, raising as his sole assignment of error the following:

{¶ 6} APPELLANT'S TRIAL COUNSEL WAS INEFFECTIVE IN COUNSELING

- 3 -

APPELLANT TO PLEA TO A GUN SPECIFICATION WHEN THE FACTS FAILED TO SUPPORT SUCH A PLEA.

{¶ 7} In his sole assignment of error, appellant argues his plea was not knowingly, voluntarily, and intelligently entered as he received ineffective representation by his trial counsel. Specifically, appellant claims his trial counsel was ineffective for advising him to "enter a plea of guilty to the gun specification on [c]ount [one], aggravated burglary, [when] the facts as submitted by the * * * [state] demonstrate that [he] had not committed that offense."

{¶ 8} "To establish a claim of ineffective assistance of counsel, a defendant must show that his or her counsel's actions were outside the wide range of professionally competent assistance, and that prejudice resulted by reason of counsel's actions." *State v. Ullman*, 12th Dist. Warren No. CA2002-10-110, 2003-Ohio-4003, ¶ 43, citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). To show prejudice, the defendant must prove there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *State v. Wilson*, 12th Dist. Madison No. CA2013-10-034, 2014-Ohio-2342, ¶ 17, quoting *Strickland* at 694. A defendant's failure to satisfy one part of the *Strickland* test negates a court's need to consider the other. *State v. Hurst*, 12th Dist. Brown No. CA2014-02-004, 2014-Ohio-4890, ¶ 7.

{¶ 9} When a defendant enters a guilty plea, he waives his right to claim he was "prejudiced by ineffective assistance of counsel, except to the extent that such ineffective assistance made the plea less than knowing, intelligent, and voluntary." *State v. McMahon*, 12th Dist. Fayette No. CA2009-06-008, 2010-Ohio-2055, ¶ 33. *See also Hurst* at ¶ 8; *State v. Kennell*, 12th Dist. Clermont No. CA2015-01-002, 2015-Ohio-4817, ¶ 26. In other words, "[w]hen a criminal defendant has admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the

deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *State v. Pardon*, 12th Dist. Warren No. CA2000-10-090, 2001 WL 848242, *1 (July 30, 2001), citing *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602 (1973).

{¶ 10} In the present case, appellant challenges whether his plea was knowingly, intelligently, and voluntarily entered on the gun specification accompanying count one, aggravated burglary. Inquiry into this issue entails a review of the record to ensure that Crim.R. 11(C)(2) was followed by the trial court prior to accepting appellant's guilty plea. *See Pardon* at *2; *Kennell* at ¶ 27. Crim.R. 11(C)(2) provides that a trial court shall not accept a defendant's guilty plea without addressing the defendant personally and doing all of the following:

> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 11} A review of the record leads us to conclude that before accepting appellant's guilty plea, the trial court afforded appellant a full hearing in compliance with Crim.R. 11(C)(2). The trial court engaged in a lengthy and thorough colloquy in which the judge explained the nature of the charges and the maximum penalties related to those charges, informed appellant of the effect of a guilty plea and that upon acceptance of the plea, the

court could proceed with judgment and sentence, and advised appellant of the statutory and constitutional rights he would be relinquishing by pleading guilty. Appellant indicated that he understood the charges he faced and the significance of his guilty plea. Further, appellant informed the court that he had spoken with his attorney about the charges he faced and the offered plea deal. According to appellant, his trial attorney had "answered all [his] questions" and appellant was "satisfied with his [attorney's] advice." As the record demonstrates that appellant pled guilty after being advised of his rights under Crim.R. 11(C) and after conferring with counsel, we find that appellant's plea was knowingly, voluntarily, and intelligently entered. *See Pardon*, 2001 WL 848242 at *2; *Kennell*, 2015-Ohio-4817 at ¶ 33; *State v. Sturgill*, 12th Dist. Clermont No. CA2014-09-066, 2015-Ohio-1933, ¶ 20.

{¶ 12} We further find that appellant has failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced by the alleged deficiency. Contrary to appellant's assertions, the state did set forth sufficient facts to support the firearm specification accompanying the aggravated burglary charge, and counsel was not ineffective for recommending appellant accept the plea deal and plead guilty to the specification. *See, e.g., State v. Robinson*, 12th Dist. Butler No. CA2013-05-085, 2013-Ohio-5672, ¶ 23 ("an attorney's advice to take a plea deal is not ineffective assistance of counsel").

{¶ 13} An individual has committed aggravated burglary in violation of R.C. 2911.11(A)(2) when the individual,

> by force, stealth, or deception, * * * trespass[es] in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, if * * * the offender has a deadly weapon or dangerous ordnance on or about the offender's person or under the offender's control.

A criminal trespass occurs when the individual, "without privilege to do so, * * * [k]nowingly

*enter[s] or remain[s]* on the land or premises of another." (Emphasis added.) R.C. 2911.21(A)(1). If the individual has a "firearm on or about the offender's person or under the offender's control while committing the offense *and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense*," the individual may be convicted of a firearm specification and sentenced to a mandatory three-year prison term. (Emphasis added.) R.C. 2941.145(A).

{¶ 14} Here, the state specified in its recitation of the facts that appellant, with a deadly weapon in his possession, entered the Grandview home by stealth and "[o]nce [appellant] and [his codefendant] entered the home, [appellant] struck the victim * * * in the head with the handgun." This statement sufficiently supported the firearm specification as it indicated appellant used the firearm to facilitate his trespass into the home. Further, as the Ohio Supreme Court has recognized that "[t]he crime of aggravated burglary continues so long as the defendant remains in the structure being burglarized because the trespass of the defendant has not been completed," appellant's continued use of the firearm to hold Mitchell at gunpoint while Robinson looked for items to steal is also relevant. *State v. Powell*, 59 Ohio St.3d 62, 63 (1991). *See also State v. Fontes*, 87 Ohio St.3d 527, 530 (2000). This additional fact supports the firearm specification, even if this event occurred after appellant's initial entry into the Grandview home.[1]

{¶ 15} Accordingly, as the facts recited by the state supported the firearm specification, we conclude that appellant's trial counsel's advice to plead to the underlying

---

1. Appellant argues that his actions after entering the Grandview home by stealth are not relevant to the charge of aggravated burglary because the trial court, *at the sentencing hearing*, indicated that it found the aggravated burglary "complete when the Defendant entered the victim's home with the purpose to commit the theft offense." While the trial court's finding about the completion of the aggravated burglary offense was certainly relevant to the court's allied offense analysis, the trial court's statements at the sentencing hearing had no bearing on events at appellant's plea hearing. The relevant inquiry remains whether the state set forth a sufficient recitation of facts at the plea hearing to support the firearm specification accompanying the aggravated burglary charge. For the reasons discussed above, we find that that it did.

aggravated burglary charge and its accompanying specification in exchange for the dismissal of additional charges was not deficient.  Appellant cannot demonstrate that he suffered any prejudice by following his trial counsel's advice.  Appellant sole assignment of error is, therefore, overruled.

{¶ 16} Judgment affirmed.

M. POWELL, P.J., and RINGLAND, J., concur.