[Cite as *State v. Murray*, 2016-Ohio-4994.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BROWN COUNTY


STATE OF OHIO,                                :

    Plaintiff-Appellee,                  :        CASE NO.   CA2015-12-029

                                             :        O P I N I O N
- vs -                                                                7/18/2016

                                             :

LARRY G. MURRAY,                             :

    Defendant-Appellant.                 :


CRIMINAL APPEAL FROM BROWN COUNTY COURT OF COMMON PLEAS
Case No. CRI2015-2021


Jessica A. Little, Brown County Prosecuting Attorney, Mary McMullen, 510 East State Street, Suite 2, Georgetown, Ohio 45121, for plaintiff-appellee

Larry G. Murray, #A715-081, Noble Correctional Institution, 15708 McConnelsville Road, Caldwell, Ohio 43724, defendant-appellant, pro se


**HENDRICKSON, J.**

{¶ 1}  Defendant-appellant, Larry G. Murray, appeals from a decision of the Brown County Court of Common Pleas denying his petition for postconviction relief and motion to withdraw his guilty plea.  For the reasons set forth below, we affirm the denial of appellant's motion and petition.

**I.   FACTS**

{¶ 2} On January 22, 2015, appellant was indicted on one count of aggravated burglary in violation of R.C. 2911.11(A)(2), a felony of the first degree (count one), one count of aggravated burglary in violation of R.C. 2911.11(A)(1), a felony of the first degree (count two), one count of aggravated robbery in violation of R.C. 2911.01(A)(1), a felony of the first degree (count three), one count of burglary in violation of R.C. 2911.12(A)(1), a felony of the second degree (count four), and one count of robbery in violation of R.C. 2911.02(A)(2), a felony of the second degree (count five). The charges arose out of allegations that appellant, by force, stealth, or deception, trespassed into a home in Brown County, Ohio on October 10, 2014, in order to commit a theft offense. While in this home, appellant encountered the homeowner and threatened to inflict physical harm on the homeowner before fleeing from the scene with some of the homeowner's belongings.

{¶ 3} Appellant initially entered a not guilty plea to the charges. However, on April 22, 2015, as part of a negotiated plea deal, appellant, with defense counsel present, pled guilty to count two of the indictment. In exchange for appellant's guilty plea, the state recommended a six-year sentence on the aggravated burglary charge and dismissed the remaining counts set forth in the indictment. The trial court accepted appellant's guilty plea and proceeded to sentence appellant to six years in prison. Appellant did not appeal from his conviction or sentence.

{¶ 4} On September 28, 2015, more than five months after entering his guilty plea, appellant simultaneously moved to withdraw his guilty plea pursuant to Crim.R. 32.1 and petitioned the court for postconviction relief by filing a "Petition to Vacate or Set Aside Judgment of Conviction or Sentence" pursuant to R.C. 2953.21. In his motion to withdraw and his petition for postconviction relief, appellant argued his plea was not knowingly, intelligently, and voluntarily entered because he was under duress, confused, and suffering from mental health issues at the time his plea was entered. He further argued he received

- 2 -

ineffective representation by his trial counsel as trial counsel had failed to investigate his case, had failed to take into consideration his mental state before recommending he take the plea deal, and "had [only] ONE meeting with [appellant] – for 5 to 6 minutes IN COURT at and on the day of plea and sentencing."

{¶ 5} In support of his motion to withdraw his guilty plea and his petition for postconviction relief, appellant attached an affidavit in which he avers, in relevant part, as follows:

> 2) That due to duress and confusion, * * * the entry of my guilty plea in this matter, and the waiver of my constitutional rights were not KNOWING, INTELLIGENT, VOLUNTARY, (sic) made.
>
> 3) That although the record shows that I sought a six year prison term and did receive this six year prison term, the waiver of rights and the entry of this plea were made under duress, in that I was, at the time, suffering severe mental health issues, that included depression and anxiety, and had tried to commit suicide while I was in the Brown County [J]ail.
>
> 4) That this was my first ever charge for a violent crime/offense, and that it was/is by far the longest term of prison that I had ever faced.
>
> 5) That my [trial] counsel * * * had NO interaction with me from the time of my arrest and the waiver of rights and entry of this plea. He had only met with me the one time at pre-trial, which is when this "deal" and the waiver of these rights, and this plea was made. This of course added to my inability to make a knowing, intelligent, or voluntary plea or waiver of rights.
>
> 6) That while incarcerated at the Brown County Jail, (several weeks), that I was under cell lock-down/confinement for 20 hours per day, afforded just rec every 26 to 28 hours and this compounded my depression and anxiety.

Other than his own affidavit, appellant did not submit any evidence in support of his motion to withdraw his guilty plea or petition for postconviction relief.

{¶ 6} The state filed a memorandum in opposition to appellant's motion to withdraw his guilty plea and petition for postconviction relief, arguing appellant had knowingly,

intelligently, and voluntarily entered his guilty plea after receiving effective representation by his trial counsel. The state contended appellant's trial counsel had been present at "every critical stage" of the proceedings and had successfully negotiated a plea bargain which significantly benefited appellant. The state also argued appellant failed to offer any corroborating or contemporaneous medical evidence to support his claim that he suffered from mental health issues at the time he entered his guilty plea.

{¶ 7} On November 19, 2015, the trial court denied both appellant's motion to withdraw his guilty plea and his petition for postconviction relief without holding a hearing. The court reviewed a recording of appellant's plea and sentencing hearing and found that appellant's allegations were "conclusively and irrefutably contradicted by the record." With respect to appellant's claim that his plea was not knowingly, intelligently, and voluntarily entered due to mental health problems, the court stated the following:

> [Appellant] certainly did not exhibit any signs of mental illness and appeared to be just the opposite. He clearly understood the proceedings, admitted his guilt, and even offered details of what transpired between him and his victim without prompting from the Court. He thanked the Court for not embarrassing him before his family by not reading aloud his criminal record. He apologized to his victim and the Court and asked for help with his addictions.

{¶ 8} The court also found the record did not support appellant's claim that his trial counsel provided ineffective assistance. The court noted that after trial counsel had filed a demand for discovery and received discovery from the state, trial counsel negotiated a favorable plea deal that eliminated four of the five felony counts appellant was facing. This plea deal also reflected a mid-range prison sentence of six years, which was significantly less than the maximum 11 years that could have been imposed on appellant's first-degree felony conviction. The court found trial counsel's negotiations "noteworthy," stating that "a defendant with [a] criminal history such as [appellant's] * * * would certainly be under consideration for a maximum sentence and if convicted of multiple counts would be under

serious consideration for consecutive sentences." Further, with respect to appellant's claim that trial counsel had failed to properly investigate the case because he had not met with appellant at the Butler County Jail, the trial court held that appellant "should be happy that his [c]ounsel spent his time negotiating a good outcome for him. It was probably much better than it would have been had the [appellant] gone to [t]rial and * * * been convicted of more than one offense."

{¶ 9} Appellant timely appealed the denial of his motion to withdraw his guilty plea and his petition for postconviction relief, raising two assignments of error. For ease of discussion, we will address appellant's assigned errors together.

## II. ANALYSIS

{¶ 10} Assignment of Error No. 1:

{¶ 11} [APPELLANT'S] APRIL 22, 2015 (JOURNALIZED APRIL 23, 2015), GUILTY PLEA WAS NOT MADE KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY IN VIOLATION OF THE [APPELLANT'S] CONSTITUTIONAL DUE PROCESS [sic] AS PROVIDED IN THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ART. 1, SEC. 10 OF THE OHIO CONSTITUTION.

{¶ 12} Assignment of Error No. 2:

{¶ 13} [APPELLANT'S] APRIL 22, 2015 (JOURNALIZED APRIL 23, 2015), GUILTY PLEA WAS NOT MADE KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY IN VIOLATION OF THE [APPELLANT'S] CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL AS PROVIDED IN THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ART. I, SEC. 10 OF THE OHIO CONSTITUTION.

{¶ 14} In his first and second assignments of error, appellant argues the trial court erred in denying his motion to withdraw his guilty plea and his petition for postconviction

relief. Appellant argues his mental health issues as well as his trial counsel's deficient performance prevented his plea from being knowingly, intelligently, and voluntarily entered. We begin by addressing appellant's arguments as they relate to his motion to withdraw his guilty plea.

### A. Motion to Withdraw a Guilty Plea

{¶ 15} Pursuant to Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." A defendant who seeks to withdraw a guilty plea after the imposition of a sentence has the burden of establishing the existence of a manifest injustice. *State v. Williams*, 12th Dist. Clermont No. CA2012-08-060, 2013-Ohio-1387, ¶ 11, citing *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph one of the syllabus. A manifest injustice is defined as "a fundamental flaw in the proceedings that results in a miscarriage of justice or is inconsistent with the demands of due process." *State v. Hobbs*, 12th Dist. Warren No. CA2012-11-117, 2013-Ohio-3089, ¶ 9. "The requirement of demonstrating a manifest injustice is designed to discourage a defendant from pleading guilty to test the weight of the potential reprisal, and later attempting to withdraw the plea if the sentence was unexpectedly severe." *Williams* at ¶ 13. This sets forth an extremely high standard that is allowable only in extraordinary cases. *State v. Sturgill*, 12th Dist. Clermont No. CA2014-09-066, 2015-Ohio-1933, ¶ 9.

{¶ 16} A trial court is not required to hold an evidentiary hearing on every post-sentence motion to withdraw a guilty plea. *State v. Degaro*, 12th Dist. Butler No. CA2008-09-227, 2009-Ohio-2966, ¶ 13. "A defendant must establish a reasonable likelihood that a withdrawal of his plea is necessary to correct a manifest injustice before a court must hold an evidentiary hearing on his motion." *State v. Williams*, 12th Dist. Warren No. CA2009-03-032,

2009-Ohio-6240, ¶ 14.

{¶ 17} "A trial court's decision regarding a post-sentence motion to withdraw a guilty plea is reviewed on appeal under an abuse of discretion standard." *State v. Rose*, 12th Dist. Butler No. CA2010-03-059, 2010-Ohio-5669, ¶ 15. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was arbitrary, unreasonable, or unconscionable. *State v. Robinson*, 12th Dist. Butler No. CA2013-05-085, 2013-Ohio-5672, ¶ 14.

{¶ 18} As an initial matter, we note that appellant did not provide this court with a transcript of the April 22, 2015 plea and sentencing hearing. Normally, when a party fails to provide a transcript of proceedings, the appellate court has nothing to pass upon and is left to presume the regularity of the lower court's proceedings. *State v. Gregory*, 12th Dist. Clinton No. CA2006-05-016, 2006-Ohio-7037, ¶ 3. However, in the present case, the trial court reviewed a recording of appellant's April 22, 2015 plea and sentencing hearing before ruling on appellant's motion to withdraw his guilty plea and his petition for postconviction relief, and this recording was made part of the record on appeal. *See State v. Murray*, 12th Dist. Brown No. CA2015-12-029 (June 13, 2016) (Entry Ordering Supplementation of the Record on Appeal).

{¶ 19} Having thoroughly reviewed the record before this court, we find that the trial court did not err in denying appellant's motion to withdraw his guilty plea. The trial court complied with the requirements of Crim.R. 11(C) at appellant's plea hearing. The court engaged in a thorough plea colloquy in which the judge explained the nature of the aggravated burglary charge and the maximum penalty related to the charge, informed appellant of the effect of a guilty plea and that upon acceptance of the plea the court could proceed with judgment and sentence, and advised appellant of the statutory and constitutional rights he would be relinquishing by pleading guilty. Appellant indicated he

understood the charge he faced and the significance of his guilty plea. Appellant informed the court that his trial counsel had answered all his questions prior to him signing a plea of guilty form and he was "confident" he wanted to enter a guilty plea to the aggravated burglary charge.

{¶ 20} As the trial court complied with Crim.R. 11(C)(2) in accepting appellant's guilty plea, there is a presumption that appellant's plea was knowingly, voluntarily, and intelligently made. *See State v. Kennell*, 12th Dist. Clermont No. CA2015-01-002, 2015-Ohio-4817, ¶ 29. The burden is on appellant to rebut this presumption by submitting supporting materials to indicate he is entitled to relief. *Id.* A defendant's own self-serving declarations or affidavits are insufficient to rebut a record that shows a plea was made knowingly, intelligently, and voluntarily. *Id.*, citing *State v. Kapper*, 5 Ohio St.3d 36, 38 (1983).

{¶ 21} Here, although appellant does not dispute that the trial court complied with Crim.R. 11(C) in accepting his guilty plea, he nonetheless contends his plea was not knowingly, voluntarily, and intelligently made because he was "suffering from emotional illness" and depression at the time the plea was entered. Appellant states that he attempted to commit suicide while incarcerated at the Butler County Jail and, as a result, was "incapable of reaching a decision that was made knowingly and intelligently." Essentially, appellant argues he was incompetent and unable to fully understand the consequences of his guilty plea.

{¶ 22} "A criminal defendant is presumed to be mentally competent and bears the burden of rebutting this presumption." *State v. Grant*, 10th Dist. Franklin Nos. 12AP-650 and 12AP-651, 2013-Ohio-2981, ¶ 10, citing *State v. Davis*, 7th Dist. Columbiana No. 00 CO 61, 2002-Ohio-3853, ¶ 14, and *State v. Fillaggi*, 86 Ohio St.3d 230, 236 (1999). "A reviewing court must give extreme deference to a trial court's determination that a defendant is competent to knowingly, intelligently, and voluntarily accept a plea." *Grant* at ¶ 10, citing

*State v. Doak*, 7th Dist. Columbiana Nos. 03 CO 15 and 03 CO 31, 2004-Ohio-1548, ¶ 16.

{¶ 23} The only evidence offered by appellant in support of his claim that he was mentally or emotionally ill at the time he entered his guilty plea is his own self-serving affidavit. Although appellant argued the "staff and administrators of the Brown County [J]ail were aware of appellant's attempt to end his life," appellant did not submit an affidavit from any of the jail's staff members or administrators. He also did not attach any records or reports from the jail that discussed his alleged suicide attempt.

{¶ 24} Appellant's self-serving statements that he was too distraught to knowingly and intelligently enter a guilty plea are contradicted by the record. The recording of appellant's plea hearing, as well as the written guilty plea form executed by appellant, reflect that appellant knowingly and intelligently exercised his free will and best judgment in entering the plea. *See, e.g.*, *Grant* at ¶ 11-12. Numerous times throughout the course of the plea hearing, appellant indicated he understood what was happening and what rights he was relinquishing by entering a guilty plea. When asked by the trial court if he "need[ed] a minute" and if he was "okay" to proceed, appellant responded affirmatively, stating he was "confident" he wanted to proceed with his guilty plea. Appellant also indicated that all of his questions had been answered by his trial counsel. These representations by appellant, combined with appellant's ability to describe the events that transpired between himself and the victim on the date of the aggravated burglary, express remorse for his wrongdoing, request help for his gambling and drug addictions, and express appreciation for the court not reading aloud his extensive criminal history, demonstrate appellant was competent. We therefore find appellant's arguments to be without merit and conclude that the trial court did not abuse its discretion in finding appellant's plea was knowingly, intelligently, and voluntarily entered.

{¶ 25} We further find no merit to appellant's argument that his trial counsel's alleged

deficient performance prevented him from entering a knowing, intelligent, and voluntary plea. This court has previously held that "[i]neffective assistance of counsel is a proper basis for seeking a post-sentence withdrawal of a guilty plea." *State v. Worthington*, 12th Dist. Brown No. CA2014-12-022, 2015-Ohio-3173, ¶ 16, citing *Robinson*, 2013-Ohio-5672 at ¶ 22 and *Sturgill*, 2015-Ohio-1933 at ¶ 12. However, a defendant who has entered a guilty plea waives his right to claim he was prejudiced by ineffective assistance of counsel, "except to the extent that such ineffective assistance made the plea less than knowing, intelligent, and voluntary." *State v. McMahon*, 12th Dist. Fayette No. CA2009-06-008, 2010-Ohio-2055, ¶ 33. *See also Kennell*, 2015-Ohio-4817 at ¶ 26. In other words, "[w]hen a criminal defendant has admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *State v. Pardon*, 12th Dist. Warren No. CA2000-10-090, 2001 WL 848242, *1 (July 30, 2001), citing *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602 (1973).

{¶ 26} When an alleged error underlying a motion to withdraw guilty plea is based upon ineffective assistance of counsel, the defendant must show (1) his counsel's performance was deficient and (2) that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty. *Sturgill* at ¶ 12; *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052 (1984). Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable judgment. *Robinson* at ¶ 22; *Sturgill* at ¶ 12.

{¶ 27} Appellant argues his trial counsel's performance was deficient as trial counsel failed to (1) investigate appellant's case, (2) take into consideration appellant's mental state before recommending he take the plea deal, and (3) meet with appellant for more than five or six minutes to discover his mental health problems or to discuss the case before

recommending appellant enter a guilty plea.[1]

**{¶ 28}** Although appellant believes his trial counsel should have spent more time meeting with him or investigating his case, the record reveals that trial counsel was an active participant in appellant's case. *See, e.g., Worthington*, 2015-Ohio-3173 at ¶ 25. In March 2015, trial counsel filed a request for a bill of particulars and a request for discovery from the state. After receiving the state's discovery, trial counsel negotiated a beneficial plea bargain for appellant. Appellant was facing five felony counts and, if convicted of these offenses, he faced the possibility of multiple, consecutive prison sentences. However, if appellant accepted the negotiated plea deal, four of the felony counts would be dismissed and the state would recommend a mid-range prison sentence for appellant's first-degree aggravated burglary charge. Trial counsel's negotiation of this beneficial plea deal was not deficient. Furthermore, trial counsel's advice to appellant to accept the negotiated plea deal rather than proceeding to trial on the charges and facing the possibility of multiple convictions and a significantly longer prison sentence was not deficient. *Id.* at ¶ 24; *Sturgill*, 2015-Ohio-1933 at ¶ 20. As this court has consistently recognized, "trial counsel's advice to take a plea deal is not ineffective assistance of counsel." *Worthington* at ¶ 24; *Sturgill* at ¶ 20; *Robinson*, 2013-Ohio-5672 at ¶ 23.

**{¶ 29}** We further find that trial counsel provided effective representation even though trial counsel did not investigate appellant's alleged mental health problems to appellant's satisfaction or challenge appellant's competency. As discussed above, there is nothing in the record indicating that appellant was incompetent or unable to understand or appreciate the

---

1. Appellant also argues in his appellate brief that trial counsel was deficient for failing to request a presentence investigation report and for failing to "make any mitigation evidence" prior to sentencing. These issues, however, were not raised below in appellant's motion to withdraw his guilty plea or petition for postconviction relief. As it is "well-settled that issues not raised in the trial court may not be raised for the first time on appeal," we will not consider appellant's arguments. *State v. Guzman-Martinez*, 12th Dist. Warren No. CA2010-06-059, 2011-Ohio-1310, ¶ 9.

nature of the proceedings he faced. The record reveals appellant met with his trial counsel prior to entering his guilty plea, trial counsel answered all of appellant's questions, appellant was "confident" he wanted to enter a guilty plea, and appellant was "satisfied with [his trial] attorney's advice, counsel and competence." Trial counsel exercised reasonable judgment in his representation of appellant, and this court will not second guess trial counsel's strategic decision to proceed with the plea hearing—especially in light of appellant's representations to the trial court that he was ready to enter his guilty plea. *See State v. Raypole*, 12th Dist. Fayette No. CA2014-05-009, 2015-Ohio-827, ¶ 23 ("It is not the role of the appellate court to second guess the strategic decisions of trial counsel").

**{¶ 30}** Accordingly, for the foregoing reasons, we conclude that the trial court did not abuse its discretion in denying appellant's request to withdraw his guilty plea. Denial of appellant's motion to withdraw his guilty plea was proper as appellant received effective representation by his trial counsel and his guilty plea was knowingly, intelligently, and voluntarily entered.

**B.  Petition for Postconviction Relief**

**{¶ 31}** Appellant also contends his petition for postconviction relief should have been granted as there were "constitutional errors" that resulted from his plea not being knowingly, intelligently, and voluntarily entered. Appellant again contends that his mental health issues as well as his trial counsel's deficient performance prevented him from entering a valid plea.

**{¶ 32}** Postconviction relief petitions are governed by R.C. 2953.21, which states, in pertinent part, the following:

> (A)(1)(a) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside

the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

* * *

(C) * * * Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. * * * If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal.

* * *

(E) Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues even if a direct appeal of the case is pending.

{¶ 33} A postconviction proceeding is not an appeal of a criminal conviction, but rather, is a collateral civil attack on a criminal judgment. *State v. Dillingham,* 12th Dist. Butler Nos. CA2012-02-037 and CA2012-02-042, 2012-Ohio-5841, ¶ 8; *State v. Calhoun,* 86 Ohio St.3d 279, 281 (1999). Initial petitions for postconviction relief under R.C. 2953.21 may be resolved in one of three ways. "[T]he trial court may (1) summarily dismiss the petition without holding an evidentiary hearing pursuant to R.C. 2953.21(C), (2) grant summary judgment on the petition to either party who moved for summary judgment pursuant to R.C. 2953.21(D), or (3) hold an evidentiary hearing on the issues raised by the petition pursuant to R.C. 2953.21(E)." *State v. McKelton,* 12th Dist. Butler No. CA2015-02-028, 2015-Ohio-4228, ¶ 9.

{¶ 34} "An evidentiary hearing is not automatically guaranteed each time a defendant makes a petition for postconviction relief." *State v. Vore,* 12th Dist. Warren Nos. CA2012-06-049 and CA2012-10-106, 2013-Ohio-1490, ¶ 11. A trial court properly denies a postconviction relief petition without a hearing if the supporting affidavits, the documentary evidence, the files, and the records of the case do not demonstrate that the petitioner set

forth sufficient operative facts to establish substantive grounds for relief. *State v. Blankenburg,* 12th Dist. Butler No. CA2012-04-088, 2012-Ohio-6175, ¶ 9. *See also* R.C. 2953.21(C). "Substantive grounds for relief exist where there was a denial or infringement of the petitioner's constitutional rights so as to render the judgment void or voidable." *McKelton* at ¶ 10.

**{¶ 35}** A trial court's decision to summarily deny a postconviction petition without holding an evidentiary hearing is left to the sound discretion of the trial court. *Id.* at ¶ 11; *Dillingham* at ¶ 8. Further, an appellate court "will not overrule the trial court's finding on a petition for postconviction relief where the finding is supported by competent and credible evidence." *McKelton* at ¶ 11, citing *State v. Mathes*, 12th Dist. Clermont No. CA2013-02-014, 2013-Ohio-4128, ¶ 11.

**{¶ 36}** In the present case, we find no error in the trial court's decision to deny appellant's petition for postconviction relief without holding an evidentiary hearing. Appellant's claim of ineffective assistance of counsel and his claim that his plea was not knowingly, intelligently, and voluntarily entered are not supported by the record. With respect to appellant's ineffective assistance of counsel claim, appellant again argues his trial counsel was ineffective for failing to investigate his case, failing to meet with him on more than one occasion, and failing to consider appellant's mental health before recommending appellant accept the plea deal and enter a guilty plea. However, as we discussed in our resolution of appellant's motion to withdraw his guilty plea, appellant failed to demonstrate that his trial counsel's performance fell below an objective standard of reasonableness. *See Strickland*, 466 U.S. 687-688. As appellant failed to set forth sufficient operative facts demonstrating trial counsel's performance was deficient, he is not entitled to relief under R.C. 2953.21. *See, e.g., Worthington*, 2015-Ohio-3173 at ¶ 51.

**{¶ 37}** Additionally, appellant's claim that he is entitled to postconviction relief as his

guilty plea was not knowingly, intelligently, and voluntarily entered is without merit. Appellant's self-serving affidavit attached in support of his petition for postconviction relief does not set forth sufficient operative facts demonstrating appellant was incompetent at the time the plea was entered. Rather, as discussed above, the record demonstrates that at his plea and sentencing hearing, appellant informed the court he understood the rights he was giving up by entering the guilty plea, stated he was "confident" he wanted to enter the plea, described the events that transpired between himself and the victim, apologized for his actions, asked the court for treatment for his gambling and drug addictions, and thanked the court for not reading aloud his extensive criminal history. Appellant's actions demonstrate that he was competent and he knowingly, intelligently, and voluntarily entered his guilty plea.

{¶ 38} Accordingly, given the foregoing, we conclude that the trial court did not abuse its discretion in denying appellant's petition for postconviction relief. The trial court properly considered and weighed the evidence submitted in support of appellant's petition before denying said petition on the basis that appellant failed to set forth substantive facts supporting his claims for relief.

### III. CONCLUSION

{¶ 39} For the reasons set forth above, we find that the trial court did not abuse its discretion in denying appellant's motion to withdraw his guilty plea or his petition for postconviction relief. Appellant's first and second assignments of error are, therefore, overruled.

{¶ 40} Judgment affirmed.

PIPER, P.J., and RINGLAND, J., concur.