[Cite as *State v. Jones*, 2017-Ohio-9067.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 16 BE 0051 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| ANTONIO DONTA JONES | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:    Criminal Appeal from the Court of
Common Pleas of Belmont County,
Ohio
Case No. 16 CR 3

JUDGMENT:    Affirmed.

APPEARANCES:
For Plaintiff-Appellee:    Atty. Daniel P. Fry
Belmont County Prosecutor
147-A West Main Street
St. Clairsville, Ohio  43950
No Brief Filed

For Defendant-Appellant:    Atty. Anthony J. Farris
860 Boardman-Canfield Rd.
Suite 204
Youngstown, Ohio  44512

Antonio Donta Jones, *Pro se*
#A729000
Noble Correctional Institution
15708 McConnelsville Road
Caldwell, Ohio  43724

JUDGES:
Hon. Cheryl L. Waite
Hon. Mary DeGenaro
Hon. Carol Ann Robb

Dated:  December 15, 2017

WAITE, J.

{¶1} Appellant Antonio Donta Jones appeals a September 22, 2016 Mahoning County Common Pleas Court decision finding him guilty of involuntary manslaughter. Appellant's counsel filed a no merit brief requesting leave to withdraw. A complete review of the case reveals no potentially meritorious issues. Accordingly, appointed counsel's motion to withdraw is granted and the judgment of the trial court is affirmed.

Factual and Procedural History

{¶2} This case stems from an incident that occurred on November 19, 2015. Appellant and his codefendants entered an apartment in an attempt to locate the victim in this case. However, the men entered the wrong apartment before realizing their mistake. They eventually found the victim's apartment and Appellant physically confronted the victim. The encounter escalated, and one of Appellant's codefendants shot and killed the victim. Appellant fled separately from his codefendants.

{¶3} On April 21, 2016, Appellant was indicted on one count of aggravated murder in violation of R.C. 2903.01(A), one count of aggravated murder in violation of R.C. 2903.01(B), and two counts of aggravated burglary, a felony of the first degree in violation of R.C. 2911.11(A)(2). One of the burglary counts arose from the entrance into the first apartment and the second from the entrance into the victim's apartment.

{¶4} On August 16, 2016, Appellant entered an *Alford* plea in accordance with *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). In

accordance with the plea agreement, all four counts in the indictment were amended into a sole charge of involuntary manslaughter, a felony of the first degree in violation of R.C. 2903.04(A). The state agreed to stand silent at sentencing.

**{¶5}** On September 19, 2016, the trial court held a sentencing hearing where the court sentenced Appellant to ten years of incarceration. The trial court also imposed a mandatory postrelease control period of five years. This timely appeal followed.

<u>No Merit Brief</u>

**{¶6}** Based on a review of this matter, appellate counsel seeks to withdraw after finding no potentially meritorious arguments for appeal. This filing is known as a no merit brief or an *Anders* brief. See *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.E.2d 493 (1967). In this district, it is referred to as a *Toney* brief. See *State v. Toney*, 23 Ohio App.2d 203, 262 N.E. 2d 419 (7th Dist.1970).

**{¶7}** In *Toney*, we established the procedure to be used when appellate counsel wishes to withdraw from a case deemed a frivolous appeal.

3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.

4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, *pro se*.

5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments *pro se* of the indigent, and then determine whether or not the appeal is wholly frivolous.

* * *

7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed.

*Id.* at syllabus.

**{¶8}** On March 24, 2017, appellate counsel filed the no merit brief in this matter. On April 5, 2017, we filed a judgment entry informing Appellant that his counsel had filed a no merit brief and giving him thirty days to file his own brief. Appellant filed a *pro se* brief on April 24, 2017. Accordingly, we must independently examine the record to determine whether there are any potentially meritorious issues in this matter. Appellate counsel asserts that no potentially meritorious issues exist, however, suggested that Appellant's best arguments involved his *Alford* plea and his

sentence. In Appellant's brief, he asks to be resentenced on the basis that he received ten years of incarceration compared to a codefendant, who received only six months of incarceration.

### *Alford* Plea

**{¶9}** A plea of guilty or no contest must be made knowingly, intelligently and voluntarily for it to be valid and enforceable. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 25. In order to ensure that a plea in a felony case is knowing, intelligent and voluntary, Crim.R. 11(C)(2) requires the trial judge to address the defendant personally to review the rights that are being waived and to discuss the consequences of the plea.

**{¶10}** Crim.R. 11(C)(2)(c) requires the court to review five constitutional rights that are waived when entering a guilty or no contest plea in a felony case: the right to a jury trial, the right to confront one's accusers, the privilege against compulsory self-incrimination, the right to compulsory process to obtain witnesses, and the right to require the state to prove guilt beyond a reasonable doubt. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 19. A trial court must strictly comply with Crim.R. 11(C)(2)(c) when advising the defendant of the constitutional rights that are being waived in entering a felony plea. *Id.* at syllabus. Prejudice is presumed if the court fails to inform the defendant of any of the constitutional rights listed in Crim.R. 11(C)(2)(c). *Id.* at ¶ 29.

**{¶11}** A defendant must also be informed of his nonconstitutional rights prior to entering a guilty plea, which include an understanding of the nature of the charges

with an explanation of the law in relation to the facts, the maximum penalty, and that after entering a guilty plea or a no contest plea the court may proceed to judgment and sentence. Crim.R. 11(C)(2)(a)(b). The nonconstitutional requirements of Crim.R. 11 are subject to review for substantial compliance rather than strict compliance. *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 11-12. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). Further, "failure to comply with nonconstitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice." *Griggs*, *supra*, at ¶ 12.

**{¶12}** Regarding Appellant's constitutional rights, in his written plea agreement and at the plea hearing he was advised that he would be giving up his right to appeal the following: (1) the right to a jury trial where the state would hold the burden of proving each element against him beyond a reasonable doubt, (2) the right to confront witnesses against him, (3) the right to subpoena witnesses and compel their attendance at trial, and (4) the right against self-incrimination. (8/16/16 Plea Hrg. Tr., pp. 3, 6, 9-12.) As such, we find that the trial court strictly complied with advising Appellant of his constitutional rights.

**{¶13}** As to Appellant's nonconstitutional rights, the trial court advised him of the nature of the charges against him, involuntary manslaughter, and the maximum penalty, which was eleven years of incarceration, a fine of $20,000, and a five-year postrelease control period. However, the court did not inform Appellant that it could

immediately proceed to sentencing if it accepted his plea. The failure to notify a defendant of a nonconstitutional right will only invalidate a plea when the defendant has suffered prejudice. *Griggs, supra*, at ¶ 12. Here, Appellant does not argue that he was prejudiced by the court's failure to inform him that it could immediately proceed to sentencing. Further, the court did not immediately proceed to sentencing and instead ordered a PSI and an evaluation for the Eastern Ohio Corrections Center. Thus, the record does not reflect that Appellant suffered prejudice. As such, the trial court substantially complied with advising Appellant of his nonconstitutional rights.

{¶14} An *Alford* plea occurs when "a defendant pleads guilty yet maintains actual innocence of the charges." *Id.* at ¶ 13. Under Ohio law, an *Alford* plea is properly accepted where the record demonstrates that the: (1) defendant's plea was not the result of coercion, deception or intimidation; (2) defendant's counsel was present at the time the plea was entered; (3) defense counsel's representation was competent in light of the circumstances of the indictment; (4) the plea was entered with an understanding of the underlying charges; and (5) the defendant was motivated by a desire for a lesser penalty, a fear of the consequences of a jury trial, or both. *State v. LaBooth*, 7th Dist. No. 15 MA 0044, 2017-Ohio-1262, ¶ 23, citing *State v. Piacella*, 27 Ohio St.2d 92, 271 N.E.2d 852 (1971), syllabus.

{¶15} At the plea hearing, the trial court addressed Appellant's *Alford* plea. Appellant informed the court that he was entering his *Alford* plea voluntarily and without coercion or intimidation. Appellant's counsel was present at the time the plea

was entered and answered several of Appellant's questions during the proceedings. Additionally, Appellant faced multiple aggravated murder and aggravated burglary charges and pleaded guilty to a sole count of involuntary manslaughter. Thus, the record demonstrates that counsel was competent. Appellant told the court that he understood the underlying charges and explained that he wished to plead guilty to avoid the potential of a life sentence where he would never see his children again. Thus, it appears that he was motivated by a desire of a lesser penalty. As such, there are no appealable issues concerning Appellant's *Alford* plea.

### Sentencing

**{¶16}** An appellate court is permitted to review a felony sentence to determine if it is contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23. Pursuant to *Marcum*, "an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Id.*

**{¶17}** When determining a sentence, a trial court must consider the purposes and principles of sentencing in accordance with R.C. 2929.11, the seriousness and recidivism factors within R.C. 2929.12, and the proper statutory ranges set forth within R.C. 2929.14.

**{¶18}** At the sentencing hearing, the trial court expressly considered and weighed the R.C. 2929.12 seriousness and recidivism factors. The court also stated that it considered the purposes and principles of sentencing. Appellant's sentence

falls within the statutory range prescribed within R.C. 2929.14. Accordingly, it appears that the trial court complied with the requisite sentencing statutes.

**{¶19}** Both Appellant and appellate counsel have raised sentencing as a possible error. Appellate counsel does not specify in which manner the sentence could be erroneous, however, Appellant contends that he should have received a sentence more in line with what a codefendant received. Appellant argues that he was less culpable than his codefendant yet was sentenced to ten years of incarceration while the codefendant received judicial release after six months. We note that the record contains no real information on this codefendant's sentence. Even so, it is apparent from the record that the trial court did take the fact that Appellant was less culpable than his codefendant into consideration.

**{¶20}** When analyzing the recidivism factors, the court stated:

[A]ccording to the facts that I have seen and based upon the amendment of the charge and the noninclusion of a gun specification charge, you were slightly less culpable than your co-defendants, and in particular, it does not appear that you had any involvement whatsoever in procuring or acquiring the firearm.

(9/9/16 Sentencing Hrg. Tr., p. 7.) Regardless, "[a] defendant alleging disproportionality in felony sentencing has the burden of producing evidence to 'indicate that his sentence is directly disproportionate to sentence given to other offenders with similar records who have committed these offenses.' " *State v. Williams*, 7th Dist., 2015-Ohio-4100, 43 N.E.3d 797, ¶ 52 citing *State v. Wilson*, 8th

Dist. No. 99331, 2013-Ohio-3915, ¶ 16. Appellant has not presented any information pertaining to his codefendant's sentence, criminal record, or whether the sentence was pursuant to a plea agreement. As such, he has not shown that his sentence was disproportionate to the sentences received by codefendants. There are no appealable issues concerning Appellant's sentence.

### Postrelease Control

**{¶21}** A trial court must provide notification to a defendant regarding postrelease control at the time of sentencing and within its sentencing entry. *State v. Qualls,* 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 18-19. The notification must include the details of the postrelease control and the consequences of violating postrelease control. *Id.*

**{¶22}** Here, the trial court properly advised Appellant of the length of his postrelease control, the mandatory nature of his postrelease control, and the consequences he would face if he violated postrelease control. These advisements were incorporated into the trial court's sentencing entry. There are no appealable issues as to the trial court's advisement of postrelease control.

### Conclusion

**{¶23}** Appellant's counsel filed a no merit brief requesting leave to withdraw. A complete review of the case reveals no potentially meritorious issues as to Appellant's convictions or sentence. As such, his convictions and sentence are affirmed and counsel's motion to withdraw is granted.

DeGenaro, J., concurs.

Robb, P.J., concurs.