[Cite as *State v. Rogenski*, 2020-Ohio-1360.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

ALICIA A. ROGENSKI,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 18 CO 0019**

---

Criminal Appeal from the
Court of Common Pleas of Columbiana County, Ohio
Case No. 2017 CR 105 B

**BEFORE:**
Carol Ann Robb, Gene Donofrio, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed in part; Reversed and Vacated in part; and Remanded in part.

---

*Atty. Robert Herron*, Prosecutor, *Atty. John E. Gamble*, Assistant Prosecutor, *Atty. Tammie Jones,* Assistant Prosecutor, 105 South Market Street, Lisbon, Ohio 44432, for Plaintiff-Appellee and

*Atty. Andrew R. Zellers*, Richard G. Zellers & Associates, Inc., 3695 Boardman-Canfield Road, Bldg. B, Ste. 300, Canfield, OH 44406, for Defendant-Appellant.

Dated: April 3, 2020

_____

**Robb, J.**

{¶1}   Defendant-Appellant Alicia Rogenski appeals from her convictions for murder and aggravated robbery in Columbiana County Common Pleas Court.  Appellant asserts she received ineffective assistance of counsel during her plea and her plea was not knowingly, intelligently, and voluntarily entered.  She further argues the trial court did not properly advise on postrelease control at the sentencing hearing.

{¶2}   For the reasons expressed below, the record is devoid of any indication counsel provided ineffective assistance and the record indicates the plea was entered into knowingly, intelligently, and voluntarily.  The trial court's acceptance of the plea is affirmed.  However, at sentencing the trial court did not properly advise Appellant in regards to postrelease control.  Accordingly, as to postrelease control, the sentence is vacated and reversed and the matter is remanded to the trial court for a new sentencing hearing solely on postrelease control.

## Statement of the Case

{¶3}   On April 20, 2017 an indictment was filed against Appellant and co-defendant Terry Brown for robbing and murdering Scottie Johnson and dismembering his corpse. Appellant was charged with aggravated murder in violation of R.C. 2903.01(A), an unspecified felony; murder in violation of R.C. 2903.02(A), an unspecified felony; aggravated robbery in violation of R.C. 2911.01(A)(1), a first-degree felony; complicity to commit aggravated murder in violation of R.C. 2903.01(A) and R.C. 2923.03(A), an unspecified felony; abuse of a corpse in violation of R.C. 2927.01(B), a fifth-degree felony; and tampering with evidence in violation of R.C. 2921.12(A)(1), a third-degree felony. The aggravated murder and murder charges contained R.C. 2941.145(A) attendant firearm specifications.  4/20/17 indictment.

{¶4}   Appellant initially entered a not guilty plea.  Following discovery, the state and Appellant reached a plea agreement.  Appellant agreed to pled guilty to murder in violation of R.C. 2903.02(A) and first-degree felony aggravated robbery in violation of R.C. 2911.01(A)(1).  Appellant also agreed to cooperate in the prosecution of her co-defendant.  The state agreed to dismiss the remaining charges and recommended 15

years to life for murder and three years for the aggravated robbery to be served concurrently.  The guilty plea was accepted after a plea colloquy and sentencing was set for a later date.

{¶5}  At sentencing, the trial court followed the state's recommendation and sentenced Appellant to 15 years to life for murder and 3 years for aggravated robbery to be served concurrent to each other.  The sentencing judgment entry also advised that as to the aggravated robbery conviction Appellant will be subject to a 5 year period of postrelease control following her release from prison.  2/28/18 J.E.

{¶6}  Appellant filed a motion for a delayed appeal.  We granted the motion.

First Assignment of Error

"Appellant was denied due process and the effective assistance of counsel in violation of her constitutional and statutory rights."

{¶7}  Appellant argues she received ineffective assistance of counsel with respect to her guilty plea.  She contends the record indicates she was not fully aware of the nature and basis of the charges against her prior to entering her plea.  Appellant's argument centers on evidence that is not part of the record transmitted to this court.

{¶8}  The state counters arguing that the information she relies on is outside the record and the record does not support a finding Appellant would not have pled guilty.

{¶9}  To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate: (1) deficient performance by counsel, i.e., that counsel's performance fell below an objective standard of reasonable representation, and (2) that counsel's errors prejudiced the defendant.  *Strickland v. Washington,* 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052 (1984); *State v. Bradley,* 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus.  Both prongs must be established; if the performance was not deficient, then there is no need to review for prejudice and vice versa.  *State v. Madrigal*, 87 Ohio St.3d 378, 389, 721 N.E.2d 52 (2000).

{¶10} A voluntary guilty plea waives the right to allege ineffective assistance of counsel except to the extent Appellant asserts that the plea was not knowing and voluntary.  *State v. Kelly*, 7th Dist. No. 08CO23, 2009-Ohio-1509, ¶ 11.  Where a defendant has entered a guilty plea, the defendant can prevail on an ineffective assistance of counsel claim only by demonstrating that there is a reasonable probability

that, but for counsel's deficient performance, he would not have pled guilty to the offenses at issue and would have insisted on going to trial. *State v. Cologie*, 7th Dist. Belmont No. 17 BE 0009, 2017-Ohio-9217, ¶ 29. "Reasonable probability" is "probability sufficient to undermine confidence in the outcome." *Strickland* at 694, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052.

**{¶11}** The claim of ineffective assistance of counsel is based on the allegation of not fully investigating matters that were provided during discovery. An example is Appellant's alleged claim to law enforcement officials that she was at Wal-Mart at the time of the murder. She also asserts counsel did not attempt to challenge the admissibility of her alleged sweatshirt that had the victim's blood and gunshot residue on it. This item was allegedly found in a trash bag on Appellant's father's porch days after the murder and was held by Appellant's ex-husband in his car for a number of days prior to being turned over to law enforcement officials. In the reply brief, appellate counsel indicates Appellant has a learning disability and it appears she has difficulty understanding the evidence in this case.

**{¶12}** The record before this court does not contain the police report, the items allegedly received as evidence, or any information regarding a learning disability. These items are off the record. Generally, "any allegations of ineffectiveness of counsel based upon facts not appearing in the trial court record must be raised using other postconviction remedies." *State v. Crawford,* 8th Dist. Cuyahoga No. 105738, 2018-Ohio-3665, ¶ 12, citing *State v. Coleman,* 85 Ohio St.3d 129, 707 N.E.2d 476 (1999); *State v. Carmon,* 8th Dist. Cuyahoga No. 75377, 2005-Ohio-5463.

**{¶13}** That said allegations of failure to investigate are proper ineffective assistance of counsel claims. In *State v. Murray,* the Twelfth Appellate District held there was no demonstrable deficiency in counsel's performance in response to a claim that counsel failed to investigate prior to a guilty plea. 12th Dist. Brown No. CA2015-12-029, 2016-Ohio-4994, ¶ 28. There was no demonstrable deficiency because counsel actively participated in the case by requesting a bill of particulars and discovery material, and then negotiated a beneficial plea agreement. *Id.*

**{¶14}** Similar actions by trial counsel are present in this case. Trial counsel filed a Motion for Disclosure of Due Process Materials, Motion to Compel Law Enforcement

Officials to Turn over and Advise Prosecuting Attorney of All information Acquired During the Course of the Investigation, Motion for the Prosecuting Attorney to Disclose the State's Intention to Use Evidence in Chief at Trial, Motion for Bill of Particulars, Request for Discovery, Motion for Relief from Prejudicial Joinder, and Motion to Appoint Investigator/Process Server. 5/3/17 Discovery Motions; 5/8/17 Joinder Motion; 9/21/17 Investigator Motion. Additionally, it is noted that Appellant's co-defendant did file a motion to suppress and Appellant was present at the hearing on that motion. 10/19/17 J.E. Consequently, counsel was active in the discovery process.

{¶15} Furthermore, Appellant was charged with six crimes – aggravated murder, murder, complicity to commit murder, aggravated robbery, abuse of a corpse, and tampering with evidence. The plea agreement negotiated was for murder and aggravated robbery. The remaining charges were dismissed. The state agreed to recommend 15 years to life for murder and 3 years for aggravated robbery to run concurrent. While there are not many facts in the record before this court, at the plea hearing Appellant admitted that she and her co-defendant shot the victim in the head so they could steal the victim's money and/or drugs. 10/19/17 Plea Tr. 18-19. The co-defendant's appeal was recently decided by this court and in that case slightly more facts were in the record. It appears that the victim fell asleep in a chair at the co-defendant's residence and while he was sleeping, either Appellant or her co-defendant shot the victim in the back of the head, killing him. *State v. Brown*, 7th Dist. Columbiana No. 18 CO 0025, 2019-Ohio-2717, ¶ 2. The victim was then dragged down the steps to the basement where he was dismembered and later there was an attempt to burn his body. *Id.* Considering the charges and the limited facts, the plea agreement was a beneficial one.

{¶16} In addition to the above, it is noted that at the plea hearing, Appellant was asked if she was satisfied with her attorneys. She responded she was. 10/19/17 Plea Tr. 17.

{¶17} Furthermore, even if we could find deficient performance, it is difficult to conclude in this case that there was prejudice. As stated above, considering the limited facts, the state's sentencing recommendation, and the initial charges, this was a beneficial plea agreement. There is no indication in this case that there is a reasonable

Case No. 18 CO 0019

probability that, but for the claimed error of counsel, Appellant would not have pled guilty and would have insisted on going to trial.

**{¶18}** Consequently, for those reasons this assignment of error is meritless.

<u>Second Assignment of Error</u>

"Appellant was not properly advised of her constitutional and non-constitutional rights at the time of plea, thus rendering her plea invalid."

**{¶19}** Crim.R. 11(C) states that a trial court must make certain advisements prior to accepting a defendant's guilty plea to ensure that the plea is entered into knowingly, intelligently and voluntarily. *State v. Wright,* 7th Dist. No. 09 MA 1, 2009-Ohio-4636, ¶ 13. These advisements are typically divided into constitutional rights and non-constitutional rights. *Id.*

**{¶20}** The constitutional rights are: (1) a jury trial; (2) confrontation of witnesses against him; (3) the compulsory process for obtaining witnesses in his favor; (4) that the state must prove the defendant's guilt beyond a reasonable doubt at trial; and (5) that the defendant cannot be compelled to testify against himself. *Id.*, citing Crim.R. 11(C)(2)(c). If the trial court fails to strictly comply with these requirements, the defendant's plea is invalid. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 31.

**{¶21}** The non-constitutional rights that the defendant must be informed of are: (1) the nature of the charges; (2) the maximum penalty involved, which includes, if applicable, an advisement on postrelease control; (3) if applicable, that the defendant is not eligible for probation or the imposition of community control sanctions; and (4) that after entering a guilty plea or a no contest plea, the court may proceed directly to judgment and sentencing. Crim.R. 11(C)(2)(a)(b); *Veney* at ¶ 10-13; *State v. Sarkozy,* 117 Ohio St.3d 86, 2008-Ohio-509, 423 N.E.2d 1224, ¶ 19-26, (postrelease control is a non-constitutional advisement).

**{¶22}** For the non-constitutional rights, the trial court must substantially comply with Crim.R. 11's mandates. *State v. Nero,* 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Veney* at ¶ 15. Furthermore, a defendant who challenges his guilty plea on the basis that the advisement for the non-constitutional rights did not substantially comply

<u>Case No. 18 CO 0019</u>

with Crim.R. 11(C)(2)(a)(b) must also show a prejudicial effect, meaning the plea would not have been otherwise entered. *Veney* at ¶ 15.

**{¶23}** Appellant does not assert that the trial court did not advise her of the constitutional rights she was waiving by entering a guilty plea. Rather, she claims some of the nonconstitutional advisements were inadequately given.

**{¶24}** First, she contends the trial court did not advise her that following acceptance of her plea it could proceed immediately to sentencing. She is correct that such an advisement was not given. However, the trial court did not proceed immediately to sentencing. Instead, the court complied with her request to order a presentence investigation report and set the sentencing for a later date. 10/19/17 Plea Tr. 6, 20. Therefore, Appellant cannot demonstrate prejudice; where a trial court does not proceed immediately to sentencing upon accepting a guilty plea, the defendant is not prejudiced by the court's failure to warn that it *could* have done so. *State v. Jones*, 7th Dist. Belmont No. 16 BE 0051, 2017-Ohio-9067, ¶ 13*; State v. Boyd*, 8th Dist. Cuyahoga No. 98342, 2013-Ohio-30, ¶ 13.

**{¶25}** Appellant next argues the advisement on the possible sentence is confusing. She asserts the trial court did not discuss mandatory or minimum sentences for the charges of record. She contends the judicial advice document she signed is confusing as to whether prison is mandatory or presumed necessary.

**{¶26}** These arguments are meritless. The trial court's statements regarding the mandatory nature of the sentences and the minimum and maximum penalty were not confusing and they were accurate.

**{¶27}** As to potential sentences for the pled to crimes, Appellant was advised at the plea hearing that the minimum sentence for murder was 15 years and the maximum was life. 10/19/17 Plea Tr. 9-10. She was informed that the minimum term for aggravated robbery was 3 years and the maximum was 11 years. 10/19/17 Plea Tr. 9-10. Appellant was informed the maximum fine for murder was $15,000.00 and the maximum fine for aggravated robbery was $20,000. 10/19/17 Plea Tr. 9-10. These are correct statements of the law. R.C. 2929.02 (B)(1), (4) (murder sentence and fine); R.C. 2929.14(A)(1) (2017 version first-degree felony sentence of 3-11 years); R.C. 2929.18(A)(3)(a) (fine for first-degree felony). Similar statements were in the written Judicial Advice and in the written

Defendant's Response to Court. 10/20/17 Judicial Advice to Defendant; 10/20/17 Defendant's Response to Court.

**{¶28}** Appellant was also advised of postrelease control. At the plea hearing, the trial court clearly indicated that Appellant would only be subject to postrelease control for the aggravated robbery conviction and the term of supervision would be 5 years. 10/19/17 Plea Tr. 10-11. The trial court clearly stated postrelease control does not apply to murder because it is an unclassified felony. 10/19/17 Plea Tr. 11. However, it indicated other rules of law would be applicable to determine if she would ever be eligible for release. 10/19/17 Plea Tr. 11. The Judicial Advice also explains this. 10/20/17 Judicial Advice to Defendant.

**{¶29}** Appellant was advised the prison term was mandatory for the murder verdict. 10/19/17 Plea Tr. 10; 10/20/17 Judicial Advice to Defendant. By informing Appellant a prison term was mandatory, the trial court substantially complied with the requirement to inform Appellant that she was not eligible for community control for the murder conviction. However, even if it was not substantial compliance, Appellant cannot show a prejudicial effect; she is unable to show the plea would not have been entered. As stated above, this plea agreement dismissed four charges, including an aggravated murder charge.

**{¶30}** Appellant insinuates she should have been advised of the maximum penalties for the charges being dismissed. This insinuation is meritless. It is the offenses to which Appellant is pleading that are relevant. *State v. Crespo-Negron*, 8th Dist. Cuyahoga No. 107386, 2019-Ohio-1450, ¶ 40 ("We do not believe that any of the misstatements or omissions by the trial court — either in isolation or cumulatively — precluded the trial court from properly finding that Crespo-Negron understood the nature **of the offenses to which he pled guilty**, that he understood the **maximum penalties associated with his guilty pleas** and that his guilty pleas were knowingly, intelligently and voluntarily made." (Emphasis added)).

**{¶31}** This assignment of error is overruled.

Third Assignment of Error

"Appellant was improperly advised of her post release control rights and responsibilities at the time of sentence, thus rendering it invalid."

Case No. 18 CO 0019

**{¶32}** Appellant argues she was not properly advised of postrelease control at sentencing and she is entitled to a new sentencing hearing. The state asserts the trial court properly advised Appellant of postrelease control because the trial court imposed concurrent sentences making postrelease control inapplicable since murder as an unclassified felony is not subject to postrelease control. In the alternative, the state asserts if the trial court incorrectly advised on postrelease control, then the proper remedy is to reverse the postrelease control sentence and remand for a sentencing hearing solely on postrelease control. In her reply brief, Appellant concedes that upon remand the only issue would be postrelease control.

**{¶33}** The Ohio Supreme Court has held that when a trial court imposes a prison sanction it is required to notify the offender at the sentencing hearing about postrelease control and to incorporate postrelease control into its sentencing entry. *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶ 11 (2017), citing *State v. Jordan,* 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, at ¶ 22. "Statutorily compliant notification" includes "notifying the defendant of the details of the postrelease control and the consequences of violating postrelease control," including whether postrelease control is discretionary or mandatory, and the term of supervision. *Grimes* at ¶ 11, citing *Jordan* at ¶ 22–23 and *State v. Qualls,* 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 18 and *State v. Billiter,* 134 Ohio St.3d 103, 2012-Ohio-5144, 980 N.E.2d 960, ¶ 12.

**{¶34}** The trial court correctly advised Appellant as to postrelease control at the plea hearing. Furthermore, in the sentencing judgment entry the trial court also correctly advised Appellant of postrelease control. The trial court stated:

> The Defendant was advised that on <u>COUNT NINE</u> upon her release from prison that she **WILL** be subject to a period of Five (5) years of post-release control under the authority of the Parole Board. Post-release control means that the Defendant will have to live under certain terms and conditions for a period of time set by law.
>
> Upon a violation, the Parole Board can impose additional prison time of up to one half of the stated prison term. The Defendant was advised that if she

violates post-release control by committing a felony, the she can be punished separately for the felony.

2/28/18 J.E.

**{¶35}** However, at the sentencing hearing, the trial court's advisement was incomplete. The trial court merely stated that if she is ever released from prison the terms, conditions and length of any supervision or postrelease control will be determined by the State Parole Board. 2/26/18 Sentencing Tr. 9. The trial court did not set forth the term of postrelease control, if it was mandatory, or the consequences for a violation.

**{¶36}** Admittedly, in addition to being convicted of a classified felony, aggravated robbery, to which postrelease control applies, Appellant was also convicted of an unclassified felony, murder, to which postrelease control does not apply. *McCain v. Huffman*, 151 Ohio St.3d 611, 2017-Ohio-9241, 91 N.E.3d 749, ¶ 3. However, the conviction for the unclassified felony does not negate the trial court's requirement to sentence Appellant to the appropriate term of postrelease control for the classified felony. *State v. Hackett*, 7th Dist. Mahoning No. 17 MA 0106, 2019-Ohio-3726, ¶ 33. We have explained that if a person is convicted of both an unclassified felony and a classified felony, the court still has obligations regarding postrelease control as it relates to the classified felony. *Id*. citing *State v. Roseberry,* 7th Belmont Dist. No. 11 BE 21, 2012-Ohio-4115, ¶ 15.

**{¶37}** Consequently, Appellant is correct that the advisement as to postrelease control at the sentencing hearing was inadequate. The postrelease control sentence is vacated and reversed. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph one of the syllabus. Appellant is entitled to a new sentencing hearing. However, that sentencing hearing is limited to the imposition of postrelease control. *Id*. at paragraph two of the syllabus.

**{¶38}** This assignment of error has merit.

<u>Conclusion</u>

**{¶39}** The first two assignments of error lack merit. The third assignment of error has merit. The imposition of postrelease control is vacated. Appellant is entitled to a new sentencing hearing; however, that sentencing hearing is limited to the issue of

postrelease control.  The conviction is affirmed in part, reversed and vacated in part, and remanded in part.


Donofrio, J., concurs.

D'Apolito, J., concurs.

_____

For the reasons stated in the Opinion rendered herein, the final judgment and order of this Court is that the judgment of the Court of Common Pleas of Columbiana County, Ohio, is affirmed in part; reversed and vacated in part; and remanded in part. We hereby remand this matter to the trial court for a new sentencing hearing on postrelease control according to law and consistent with this Court's Opinion. Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**