[Cite as *State v. Wallace*, 2022-Ohio-1446.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JOHNNY RAY WALLACE,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 19 MA 0093**

---

Application for Reconsideration/Reopening

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, Judges and Stephen W. Powell, Judge of the
Twelfth District Court of Appeals, Sitting by Assignment.

---

**JUDGMENT:**
Application Denied.
Limited Remand.

---

*Atty. Paul J. Gains*, Mahoning County Prosecutor and *Atty. Ralph M. Rivera*, Assistant
Chief Prosecuting Attorney, Criminal Division, 21 West Boardman Street, 6th Floor,
Youngstown, Ohio 44503, for Plaintiff-Appellee

Johnny Ray Wallace, *Pro se*, Inmate No. 763-390, Marion Correctional Institution, P.O. Box 57, Marion, Ohio 43301, for Defendant-Appellant.

Dated: March 31, 2022

---

**PER CURIAM.**

{¶1} Appellant Johnny Ray Wallace has filed an "Application for Reconsideration (*Reopening) [p]ursuant to the provisions of: Ohio App. Rule 26(B)." In so doing, he raises two assignments of error asserting various issues. For the reasons provided, Appellant's application is denied in its entirety. However, we remand the matter for the limited purpose of allowing the trial court to file a *nunc pro tunc* entry to correct the failure to include in its judgment entry the life tail as part of Appellant's aggregate sentence.

Factual and Procedural History

{¶2} The facts of the underlying matter are addressed at length in *State v. Wallace*, 7th Dist. Mahoning No. 19 MA 0093, 2021-Ohio-3303 ("*Wallace I*"). The basic facts will be repeated here for ease of understanding.

{¶3} On December 7, 2017, Appellant was indicted on one count of murder, an unclassified felony in violation of R.C. 2903.02(A), (D), with an attenuated firearm specification in violation of R.C. 2941.145. At trial, his jury deadlocked and a mistrial was declared. *Id.* at ¶ 10.

{¶4} On August 2, 2018, the state filed a superseding indictment that included not only the original charges but also an additional charge of having a weapon while under a disability, a felony of the third degree in violation of R.C. 2923.13(A)(2), (B). *Id.* at ¶ 10. The two charges were severed for purposes of trial.

Case No. 19 MA 0093

{¶5} Following his second trial, the jury convicted Appellant of the murder charge. In a severed bench trial, the trial court convicted him of the weapons charge. On July 16, 2019, the court sentenced Appellant to three years of incarceration on the firearm specification, to run prior to and consecutive to Appellant's sentence of fifteen years to life for murder. That sentence was ordered to run consecutive to Appellant's sentence of thirty-six months on his weapons disability conviction. Thus, Appellant received an aggregate total of twenty-one years to life in prison. The court credited Appellant with 590 days of time served. *Id.* at ¶ 12.

{¶6} We affirmed Appellant's convictions and sentence in *Wallace I*. Appellant subsequently filed this action, which contains both an application for reconsideration and an application for reopening.

Reconsideration

The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been.

*Columbus v. Hodge*, 37 Ohio App.3d 68, 523 N.E.2d 515 (10th Dist.1987), paragraph one of the syllabus.

{¶7} App.R. 26(A)(1)(a) states, in relevant part: "[a]pplication for reconsideration of any cause or motion submitted on appeal shall be made in writing no later than ten

Case No. 19 MA 0093

days after the clerk has both mailed to the parties the judgment or order in question and made a note on the docket of the mailing as required by App. R. 30(A)."

**{¶8}** Appellant's judgment was mailed to his counsel and a note relevant to this mailing was placed on the docket on September 15, 2021. In order to be timely, his application for reconsideration was required to be filed no later than September 25, 2021. However, Appellant did not file his application until October 1, 2021, six days after the deadline.

**{¶9}** Pursuant to App.R. 14(B), an "[e]nlargement of time to file an application for reconsideration or for en banc consideration pursuant to App. R. 26(A) shall not be granted except on a showing of extraordinary circumstances." On September 23, 2021, prior to filing his motion for reconsideration, Appellant did file an "EMERGENCY MOTION FOR EXTENSION OF TIME IN WHICH TO FILE AN APPLICATION FOR *REOPENING [*and/or] RECONSIDERATION." This motion seeking an extension of time was filed within the time limit to file an application for reconsideration. However, Appellant's request for an extension was based on his late receipt of this Court's Opinion, an argument that has previously been rejected by this Court numerous times. Since Appellant's request for an extension of time must be denied and Appellant's application for reconsideration is untimely, it is dismissed.

**{¶10}** In the alternative, Appellant filed an application to reopen his case. App.R. 26(B) provides a ninety-day time period in which to file an application. As this application was timely filed we will address its merits.

Reopening

Case No. 19 MA 0093

{¶11} Pursuant to App.R. 26(B)(1), a criminal defendant "may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel." An applicant must demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). If the application is granted, the appellate court must appoint counsel to represent the applicant if the applicant is indigent and unrepresented. App.R. 26(B)(6)(a).

{¶12} In order to show ineffective assistance of appellate counsel, the applicant must meet the two-prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Pursuant to *Strickland*, the applicant must first demonstrate that counsel's performance was deficient, and then must demonstrate that he suffered prejudice as a result. *Id.* at 687. See also App.R. 26(B)(9).

{¶13} "Under this test, a criminal defendant seeking to reopen an appeal must demonstrate that appellate counsel was deficient for failing to raise the issue presented in the application for reopening and that there was a reasonable probability of success had that issue been raised on appeal." *State v. Hacke*tt, 7th Dist. Mahoning No. 17 MA 0106, 2019-Ohio-3726, ¶ 6, citing *State v. Spivey*, 84 Ohio St.3d 24, 25, 701 N.E.2d 696 (1998).

## ASSIGNMENT OF ERROR NO. 1

[I]n raising this state statutory and federal constitutional due process and
equal protection assignment, appellant does so from the position that at
least (3) three penalty phase errors (clearly evident in the record) implicate

appellate counsel's performance as both *grossly deficient and *prejudicial.

see: Strickland, supra.

{¶14} Within his first assignment of error, Appellant presents three sentencing issues.  First, he argues that the trial court failed to include the life tail within its judgment entry when it imposed his aggregate sentence.  Second, he argues that the trial court's use of the phrase "up to three years" indicates that he could serve less than three years of postrelease control, thus is erroneous.  Finally, Appellant argues that the trial court's calculation of his jail-time credit differs from the computation of the bureau of sentencing.

*Life Tail*

{¶15} At the sentencing hearing, the trial court correctly imposed a "15 years to life sentence" for Appellant's murder conviction.  (7/11/19 Sentencing Hrg., p. 19.)  The court also correctly stated that the aggregate sentence was "21 years to life in prison." (7/11/19 Sentencing Hrg., p. 21.)  While the trial court also correctly imposed a sentence of "fifteen years to life" as to the individual sentence within its judgment entry, the court ordered an aggregate sentence of "twenty-one (21) years in prison," omitting the life tail in the entry.

{¶16} Recently, the Ohio Supreme Court reviewed whether the state can challenge a defendant's sentence where the trial court omitted a reference to the life tail both at the sentence hearing and also within its judgment entry.  *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, ¶ 39.  The *Henderson* Court held that the state could not attempt to correct the error in a postconviction motion, because the error rendered the sentence voidable, not void.  *Id.* at ¶ 40.  The court went on to clarify that neither the state nor the defendant can challenge a voidable sentence through a

postconviction motion. *Id.* at ¶ 43. The Court rejected the state's argument that R.C. 5145.01 allowed the correctional institution to transform the sentence into a sentence that differs from the one imposed in the trial court's entry. *Id.* at ¶ 42.

{¶17} Appellant argues that *Henderson* requires this Court to allow him to reopen his appeal, as his sentence should be limited to only what the trial court actually imposed in its judgment entry. In Appellant's view, the trial court imposed a finite twenty-one year prison term. However, *Henderson* is distinguishable from the instant matter. In Justice Kennedy's concurrence, she alludes to Appellant's situation and describes the appropriate remedy. Had the trial court in *Henderson* informed the defendant at the sentencing hearing of the life tail, omitting reference to the life tail in the journal entry would amount to mere clerical mistake. However, since the trial court in *Henderson* "[a]lso, * * * did not impose the life tail at the sentencing hearing, * * * it could not correct the sentencing entry using a nunc pro tunc order." *Id.* at ¶ 77, citing *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 164, 656 N.E.2d 1288 (1995).

{¶18} Because the trial court correctly imposed the life tail at the sentencing hearing when discussing both the individual and aggregate sentence, and then again when discussing the individual sentence within its entry, the failure to include the life tail in the aggregate sentence within the entry is clearly a mere clerical mistake. Thus, the error is correctable through a *nunc pro tunc* entry.

{¶19} In a similar case we recently denied an application to reopen the appeal but remanded the matter for purposes of obtaining a *nunc pro tunc* entry. See *Hackett*, *supra*. In *Hackett,* while the trial court imposed the incorrect postrelease control term in its judgment entry, the appellant could not demonstrate prejudice because he had been

informed of the correct term at hearing. We determined that this error was correctable through a *nunc pro tunc* entry. We find the same to be true, here. There is no question that the trial court actually imposed on Appellant a sentence of fifteen years to life for the murder conviction. The court's failure to include the life tail in the description of his aggregate sentence in its entry, despite its correct statement of the aggregate term at the hearing, amounts to a mere clerical error correctable through a *nunc pro tunc* entry.

*Postrelease Control*

**{¶20}** At the sentencing hearing, the trial court informed Appellant that he will "be placed on a discretionary period of three years of post-release control pursuant to Ohio Revised Code 2967.28." (7/11/19 Sentencing Hrg., p. 21.) Within its judgment entry, the court stated "[a] period of Post-Release Control supervised by the Adult Parole Authority is optional in this case. The Post-Release Control period will be for a term of up to three (3) years." (Emphasis deleted.) (7/16/19 J.E., p. 2.)

**{¶21}** A court imposing a postrelease control term "is duty-bound to notify [the] offender at the sentencing hearing about postrelease control and to incorporate postrelease control into its sentencing entry." *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶ 11, citing *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 22.

**{¶22}** " 'Statutorily compliant notification' includes 'notifying the defendant of the details of the postrelease control and the consequences of violating postrelease control,' including whether postrelease control is discretionary or mandatory, and the term of supervision." *State v. Rogenski*, 7th Dist. Columbiana No. 18 CO 0019, 2020-Ohio-1360, ¶ 33, citing *Grimes* at ¶ 11; *Jordan* at ¶ 22-23; *State v. Qualls*, 131 Ohio St.3d 499, 2012-

Case No. 19 MA 0093

Ohio-1111, 967 N.E.2d 718, ¶ 18; *State v. Billiter*, 134 Ohio St.3d 103, 2012-Ohio-5144, 980 N.E.2d 960, ¶ 12.

**{¶23}** Here, Appellant's postrelease control term stems from his weapons conviction, which is a felony of the third degree.  Pursuant to R.C. 2967.28(B)(4), "[f]or a felony of the third degree that is an offense of violence and is not a felony sex offense, *up to three years, but not less than one year.*"  (Emphasis added.)  Thus, the trial court's use of the phrase "up to three years" is accurate, and Appellant cannot demonstrate deficient performance on the part of counsel for failure to raise the issue.

*Jail-time Credit*

**{¶24}**  Appellant argues that the trial court granted him 590 days of jail-time credit, however, the computation made by the bureau of sentencing credited him with "a substantially different amount of jatiltime" credit.  (Appellant's Brf., p. 5.)  The state responds by noting that Appellant did not dispute the amount of credit during the sentencing hearing.

**{¶25}** While Appellant contends that the bureau of sentencing computed a different amount of jail-time credit than the trial court, he did not provide any evidence. Even if he had, we could not consider it, as the presentation of evidence *de hors* the record is more appropriate for a postconviction petition.

**{¶26}**  Regardless, any difference in jail-time credit, if such difference exists, is likely due to time served after Appellant was sentenced but before he was transported to the prison.  The court's entry awarded him 590 days "together with future days of custody while the defendant awaits transportation to the appropriate state institution."  (Emphasis

deleted.)  (7/16/19 J.E., p. 2.)  For these reasons, Appellant cannot demonstrate deficient performance on the part of counsel.

## ASSIGNMENT OF ERROR NO. 2

[O]ther errors appear in the record and were independently articulated by appellant "in writing" and "telephonically" to appellate counsel for which counsel, after an alleged review of same, refused to raise said complex of plain errors in lieu of weaker and far less obvious and compelling issues. see: Strickland v Washington, 466 U.S. 668; and, Crim. R. 52(B).

{¶27}  Appellant lists fifteen issues he allegedly brought to his appellate counsel's attention, but were ignored:

1. Superseding Indictment and Speedy Trial;

2. Invoked Right to Counsel;

3. Allen/Howard Charge, see: State v. Howard [sic], 42 Ohio St. 3d 18;

4. Purpose to Cause Death Inferred from Use of Deadly Weapon Instruction[;]

5. Ineffective Assistance (trial counsel);

6. Mr. Wallace was convicted of ATTEMPTED Felonious Assault as a Juvenile[;]

7. Consecutive Sentencing (gun specification and weapon under disability)

[;]

8. Failure to Instruct on Lesser Charges;

9. Allowing Evidence Found in Home: Prejudicial;

10. Victim's Mother Testified;

11. Sufficiency of the Evidence;

12. Prosecutorial Misconduct;

13. Chain of Custody;

14. Expert Training & Coaching by Prosecutor; and,

15. Juror Knew Another Juror[.]

(Appellant's Brf., p. 7.)

**{¶28}** Appellant does not explain the substance of his arguments in regard to these topics, he merely lists them. This Court is not required to develop legal theories and arguments in the absence of any attempt by the parties. As such, we cannot, and will not, address this "assignment."

Motion for Appointment of Counsel

**{¶29}** On November 1, 2021, Appellant filed a motion for appointment of counsel. Because we have denied Appellant's application for reopening, his request for appointed counsel is moot.

Case No. 19 MA 0093

<u>Conclusion</u>

**{¶30}** Appellant's application for reconsideration is dismissed as untimely. As there is no genuine issue regarding whether Appellant was deprived of effective assistance of counsel on appeal, Appellant's application for reopening is denied. However, we remand the matter for the limited purpose of correcting by means of a *nunc pro tunc* entry the omission of a life tail in Appellant's aggregate sentence within the court's judgment entry.

**JUDGE CHERYL L. WAITE**

**JUDGE CAROL ANN ROBB**

**JUDGE STEPHEN W. POWELL,**
**TWELFTH DISTRICT COURT OF APPEALS,**
**SITTING BY ASSIGNMENT**

<u>**NOTICE TO COUNSEL**</u>

**This document constitutes a final judgment entry.**

Case No. 19 MA 0093