[Cite as *State v. Williams*, 2023-Ohio-2886.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-220582 |
| | | TRIAL NO. B-2203004 |
| Plaintiff-Appellant, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| CHARLES WILLIAMS, | : | |
| Defendant-Appellee. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal: August 18, 2023

*Melissa A. Powers,* Hamilton County Prosecuting Attorney, and *Ernest Lee,* Assistant Prosecuting Attorney, for Plaintiff-Appellant,

*The Law Office of John D. Hill* and *John D. Hill, Jr.*, for Defendant-Appellee.

**Zayas, Presiding Judge.**

**{¶1}** Charles Williams pled guilty to five counts of pandering sexually-oriented matter. During sentencing, the trial court informed him of his duty to register as Tier II sex offender and had him sign a registration notification form. However, the trial court omitted the Tier II classification from the sentencing entry.

**{¶2}** The state now appeals arguing that the trial court erred when it failed to incorporate the classification into the sentencing entry and requesting that this court remand the case to the trial court to issue a nunc pro tunc entry to correct the sentencing entry. Williams concedes the error and agrees that a remand for a nunc pro tunc entry to correct the sentencing entry is proper.

### Law and Analysis

**{¶3}** "Clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission may be corrected by the court at any time." Crim.R. 36. A court may correct clerical errors in judgment entries so that the record speaks the truth. *State ex rel. DeWine v. Burge*, 128 Ohio St.3d 236, 2011-Ohio-235, 943 N.E.2d 535, ¶ 17. "Nunc pro tunc entries are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided." (Internal quotation marks omitted and alterations in original.) *Id.* "[W]here a clerical or mathematical error exists in a sentencing entry, a nunc pro tunc entry may be properly used to correct the sentencing entry to reflect the sentence the trial court actually imposed upon the defendant at the sentencing hearing." *State v. Thompson*, 8th Dist. Cuyahoga No. 102326, 2015-Ohio-3882, ¶ 16.

**{¶4}** Because the trial court correctly imposed the registration duty at the sentencing hearing, the failure to include the classification within the entry is clearly

a mere clerical mistake. Thus, the error is correctable through a nunc pro tunc entry. *See State v. Wallace*, 7th Dist. Mahoning No. 19 MA 0093, 2022-Ohio-1446, ¶ 18.

{**¶5**}   Accordingly, we sustain the assignment of error, and remand the cause for a nunc pro tunc entry to correct the sentencing entry. We affirm the trial court's judgment in all other respects.

Judgment reversed and cause remanded.

**WINKLER** and **BOCK, JJ.,** concur.

Please note:
  The court has recorded its own entry this date.